**Affirmed and Memorandum Majority and Concurring Opinions filed December 31, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00364-CR

---

**ERIK JIMENEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1514680**

---

## C O N C U R R I N G   O P I N I O N

While I concur in the majority's judgment affirming this case, I do not agree that the "bad act" testified to, to wit, Appellant's mere presence in a vehicle in a parking lot, comes even close to satisfying the relevancy requirement that 404(b) entails.  Character conformity evidence is inadmissible if it has no relevance beyond a tendency to show the defendant is a bad person or of a character from whom criminal conduct might be expected.  *Casey v. State*, 215 S.W.3d 870, 879

(Tex. Crim. App. 2007); *Bargas v. State*, 252 S.W.3d 876, 890 (Tex. App.— Houston [14th Dist.] 2008, no pet.). Here, the State attempted to bolster its evidence by merely placing Appellant in the same parking lot a few months after the arrest with no evidence that there was a bad act or crime committed at that later time. Mere presence at a location cannot be allowed to constitute 404(b) evidence without more. The trial court abused its discretion by allowing the testimony to come into evidence over a proper objection.

However, the trial court's error in admitting this testimony was ultimately harmless. The State elicited testimony from Cindy Carillo regarding the June 22, 2016 incident (including her description of the general business affairs of Appellant's prostitution enterprise). Therefore, even though I would find that the trial court erred in overruling Appellant's objections to the testimony concerning the October 19, 2016 event, that error was unlikely to have had a substantial and injurious effect or influence upon the jury's deliberations and, so, was harmless. *See, e.g., Leyba v. State*, 416 S.W.3d 563, 570 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (alleged error in the admission of evidence was harmless where remaining evidence "presented a strong case" of the defendant's guilt).


/s/     Meagan Hassan
Justice


Panel consists of Chief Justice Frost and Justices Wise and Hassan (Wise, J., majority).

Do Not Publish — Tex. R. App. P. 47.2(b).

2